

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

*FILED*

*FEB 4, 2010*

**Clerk, U.S. District and
Bankruptcy Courts**

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER** )<br>**1718 Connecticut Ave., N.W.** )<br>**Suite 200** )<br>**Washington, DC 20009** )<br> )<br>　　　　**Plaintiff,** ＼<br> <br>　　　　**v.**<br> <br>**NATIONAL SECURITY AGENCY**<br>**9800 Savage Road**<br>**Ft. George G. Meade, MD 20755-6000** )<br> )<br>**NATIONAL SECURITY COUNCIL** )<br>**Old Executive Office Building** )<br>**Washington, DC 20506** )<br> )<br>　　　　**Defendants.** )<br>　　　　　　　　　　　　　　　　 )| Case: 1:10-cv-00196<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 2/4/2010<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.　　This is an action under the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552 (2007), for injunctive and other appropriate relief, seeking the release of agency

records requested by the Electronic Privacy Information Center from the United States National

Security Agency/Central Security Service.

### Jurisdiction and Venue

2.　　This Court has subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (2009), 5 U.S.C. §

552(a)(6)(C)(i) (2009), and 5 U.S.C. § 703 (2009).  This Court also has jurisdiction over this

action pursuant to 28 U.S.C. § 1331 (2009).  Venue is proper in this district under 5 U.S.C. §

552(a)(4)(B) (2009) and 5 U.S.C. § 703 (2009).

**Parties**

3.      Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC's activities include the review of federal activities and policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a heavily visited Internet site, http://www.epic.org, which contains extensive information regarding privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

4.      Defendant National Security Agency/Central Security Service ("NSA/CSS," "NSA," or "Agency") is an intelligence agency established in the Executive Branch of the United States Government, administered within the United States Department of Defense. The NSA is an agency within the meaning of 5 U.S.C. § 552(f)(1) (2009).

5.      Defendant National Security Council ("NSC", or "Council") is a branch of the Executive Office of the President of the United States and exists to advise the President with respect to policies concerning the national security of the United States. The Council's structure and function are established in 50 U.S.C. § 402 (2009).

**Facts**

**A National Security Presidential Directive has Reshaped National Cybersecurity Policy**

6.      On January 8, 2008, President George W. Bush issued National Security Presidential Directive 54 ("NSPD 54"), also known as Homeland Security Presidential Directive 23.

7.      The contents of NSPD 54 have not been released to the public.

8.      NSPD 54 established the Comprehensive National Cybersecurity Initiative

("CNCI").

9.      On May 1, 2008, Senators Joseph I. Lieberman and Susan M. Collins, Chairman

and Ranking Member, respectively, of the United States Senate Committee on Homeland

Security and Governmental Affairs, wrote a letter to Michael Chertoff, then Secretary of the

United States Department of Homeland Security, regarding the CNCI.

10.     According to the May 1, 2008 letter, the CNCI "is a multi-agency, multi-year plan

that lays out twelve steps to securing the federal government's cyber networks."

11.     In a letter dated March 5, 2009, Rod Beckstrom resigned from the position of

Director of the National Cybersecurity Center (NCSC) within the Department of Homeland

Security.

12.     In the March 5, 2009 letter, Beckstrom stated that "NSA currently dominates most

national cyber efforts."

13.     The Cybersecurity Act of 2009 (S. 773) was introduced in the Senate on April 1,

2009, by Senator Jay Rockefeller.

14.     The Cybersecurity Act of 2009 (S. 773) is currently pending in the Senate

Committee on Commerce, Science, and Transportation.

### EPIC Submitted a FOIA Request to the NSA Regarding NSPD 54 and the CNCI

15.     On June 25, 2009, EPIC transmitted a written FOIA request to the NSA for

agency records ("EPIC's FOIA Request").  EPIC requested the following agency records:

   a.  the text of the National Security Presidential Directive 54 otherwise
       referred to as Homeland Security Presidential Directive 23;

   b.  the full text, including previously unreported sections, of the
       Comprehensive National Cybersecurity Initiative, as well as any
       executing protocols  distributed to the agencies in charge of its
       implementation; and

   c. any privacy policies related to either the Directive, the Initiative,
including but not limited to, contracts or other documents describing
privacy policies for information shared with private contractors to
facilitate the Comprehensive National Cybersecurity Initiative.

16. EPIC also asked the NSA to expedite its responses on the basis that the

documents pertain to a matter about which there is an urgency to inform the public about an

actual or alleged federal government activity, and the request was made by a person primarily

engaged in disseminating information, pursuant to 5 U.S.C. § 552(a)(6)(E) (2009). Petitioner

based the request on the public's and press's interest in national cybersecurity policy and CNCI,

especially with respect to the pending Cybersecurity Act of 2009.

17. EPIC further requested that all fees be waived based on EPIC's status as a

representative of the news media.

18. EPIC's FOIA Request was transmitted by facsimile to the NSA at (443) 479-

3612. EPIC received an automated facsimile statement confirming the NSA's receipt of the

transmittal.

### The NSA Acknowledged Receipt of EPIC's FOIA Request

19. The NSA transmitted a letter to EPIC dated July 1, 2009 ("NSA Letter 1").

20. NSA Letter 1 acknowledged the NSA's receipt of EPIC's FOIA Request and

assigned it case number 58987.

21. NSA Letter 1 granted waiver of fees.

22. NSA Letter 1 denied expedited processing.

23. NSA Letter 1 did not make any substantive determination regarding EPIC's

request.

### EPIC Filed an Administrative Appeal with the NSA

24. On July 30, 2009, more than twenty working days after the NSA received EPIC's

FOIA Request, EPIC transmitted a written administrative appeal to the NSA ("EPIC's Administrative Appeal 1").

25.     EPIC's Administrative Appeal 1 was transmitted by certified mail to the NSA/CSS FOIA Appeal Authority at 9800 Savage Road Ste. 6248, Ft. George G. Meade, MD 20755-6248.

26.     EPIC's Administrative Appeal 1 appealed the NSA's failure to make a timely determination regarding EPIC's FOIA Request.

27.     EPIC's Administrative Appeal 1 also appealed the NSA's denial of EPIC's request for expedited processing.

## The NSA Responded in Part to EPIC's Administrative Appeal 1

28.     The NSA/CSS FOIA Appeals Authority responded to EPIC in a letter dated August 12, 2009 ("NSA Letter 2").

29.     NSA Letter 2 granted EPIC's appeal with respect to the request for expedited processing.

30.     NSA Letter 2 did not make any substantive determination regarding EPIC's FOIA request.

## The NSA Responded in Part to EPIC's FOIA Request

31.     The NSA transmitted a letter to EPIC dated August 14, 2009 ("NSA Letter 3").

32.     NSA Letter 3 asserted that the agency had completed its search for responsive records.

33.     NSA Letter 3 included two redacted documents which had been previously released under the FOIA (on 9/20/2006 and on 8/17/2007, respectively) and which the NSA identified as responsive to the third part of EPIC's FOIA Request.

34.     NSA Letter 3 included information regarding how to file an administrative appeal as to the redactions in the two included documents.

35.     With respect to the first two parts of EPIC's FOIA Request, and with respect to other documents responsive to the third part, NSA Letter 3 stated only that since the request had been expedited, "the remaining material responsive has been assigned for review to determine releasability and will be completed as expeditiously as possible."

### The NSA Made a Determination Regarding EPIC's FOIA Request

36.     The NSA transmitted a letter to EPIC dated October 26, 2009 and signed by Pamela N. Phillips, Chief of the FOIA/PA Office ("NSA Letter 4").

37.     NSA Letter 4 stated that EPIC's FOIA Request had been "further processed under the provisions of the FOIA."

38.     NSA Letter 4 asserted that "no records responsive to item 2 of your request were located" and that "[t]hree documents (26 pages) responsive to items 1 and 3 of your request have been reviewed by this Agency as required by the FOIA."

39.     NSA Letter 4 asserted that two documents responsive to item 3 of the request "have been withheld in their entirety" because they are "exempt from release pursuant to the fifth exemption of the FOIA" but gave no factual basis for this determination.

40.     NSA Letter 4 also asserted that information in one document responsive to item 3 of the request is "currently and properly classified" and therefore exempt "pursuant to the first exemption of the FOIA" but gave no factual basis for this determination.

41.     NSA Letter 4 also asserted that portions of both withheld documents are "exempt from disclosure pursuant to the third exemption of the FOIA which provides for the withholding of information specifically protected from disclosure by statute" and cited 18 U.S.C. § 798, 50

U.S.C. § 403-1(i), and 50 U.S.C. § 402 note, but gave no factual basis for this determination.

42.    NSA Letter 4 stated that "the record responsive to item 1 of your request did not originate with this Agency" and that "the subject document has been referred to the National Security Council for review and direct response to you."

## EPIC Filed a Second Administrative Appeal with the NSA

43.    On November 24, 2009, EPIC transmitted a written administrative appeal to the NSA ("EPIC's Administrative Appeal 2").

44.    EPIC's Administrative Appeal 2 was transmitted by certified mail to the NSA/CSS FOIA Appeal Authority at 9800 Savage Road Ste. 6248, Ft. George G. Meade, MD 20755-6248.

45.    EPIC's Administrative Appeal 2 appealed "the NSA's failure to disclose the record identified as responsive to part 1 of EPIC's FOIA Request."

46.    EPIC's Administrative Appeal 2 also appealed "the NSA's failure to disclose any records responsive to part 2 of EPIC's FOIA request."

47.    EPIC's Administrative Appeal 2 also appealed "the NSA's failure to disclose the two records identified by the Agency in the October 26 letter as responsive to part 3 of EPIC's FOIA request."

## The NSA Acknowledged Receipt of EPIC's Administrative Appeal 2

48.    The NSA/CSS FOIA Appeals Authority responded to EPIC in a letter dated December 18, 2009 ("NSA Letter 5").

49.    NSA Letter 5 acknowledged receipt of EPIC's Administrative Appeal 2.

50.    NSA Letter 5 stated that the Agency "will be unable to provide you a timely response," and predicted "a decision on your appeal within the next nine months."

**The NSC Has Not Communicated to EPIC Regarding EPIC's FOIA Request**

51.     As of the date of this pleading, EPIC has not received any communication from the National Security Council regarding EPIC's FOIA Request.

**Count I**
**(Against Defendant National Security Agency)**
**Violation of the FOIA: NSA's Failure to Comply with Statutory Deadlines**

52.     Paragraphs 1–51 above are hereby incorporated by reference as if set forth fully herein.

53.     The NSA's failure to make a timely determination concerning EPIC's Administrative Appeal 2 violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) (2009).

54.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request, under the terms set forth in 5 U.S.C. § 552(a)(6)(C) (2009).

55.     The NSA has wrongfully withheld responsive agency records from EPIC.

56.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

57.     EPIC is further entitled to recover its attorneys' fees and costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

**Count II**
**(Against Defendant National Security Agency)**
**Violation of the FOIA: NSA's Failure to Disclose Responsive Agency Records**

58.     Paragraphs 1–57 above are hereby incorporated by reference as if set forth fully herein.

59.     In responding to EPIC's FOIA Requests, the NSA violated the FOIA by failing to disclose agency records to EPIC that must be disclosed pursuant to the FOIA.

60.     The NSA failed to disclose such agency records by, *inter alia*: 1) withholding responsive agency records pursuant to alleged exemptions although the alleged exemptions do not apply to the withheld records; and 2) withholding responsive agency records although nonexempt portions of the records are reasonably segregable from exempt portions.

61.     In addition, the NSA failed to disclose an agency record in its possession and control by improperly referring a portion of EPIC's FOIA Request to the National Security Council.

62.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

63.     EPIC is further entitled to recover its attorneys' fees and costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

### Count III
### (Against Defendant National Security Council)
### Violation of the FOIA: NSC's Failure to Disclose Responsive Agency Records

64.     Paragraphs 1–63 above are hereby incorporated by reference as if set forth fully herein.

65.     By referring EPIC's FOIA Request to defendant National Security Council, defendant National Security Agency represented that the NSC is subject to the FOIA with respect to this request.

66.     The NSC has failed to disclose responsive agency records in its possession in response to the referral by the NSA.

67.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

68.     EPIC is further entitled to recover its attorneys' fees and costs in this action

pursuant to 5 U.S.C. § 552(a)(4)(E).

**Count IV**
**(Against Defendant National Security Agency)**
**Violation of the Administrative Procedure Act**

69.     Paragraphs 1–68 above are hereby incorporated by reference as if set forth fully

herein.

70.     By referring EPIC's FOIA Request to defendant National Security Council,

defendant National Security Agency violated the Administrative Procedure Act ("APA"),

5 U.S.C. § 706 (2009).

71.     The NSA's referral was arbitrary and capricious, an abuse of discretion, and

otherwise not in accordance with the law.

72.     The NSA's referral exceeded the agency's authority, because the FOIA (the

ostensible statutory basis for the referral) does not permit the NSA to refer FOIA requests in this

manner.

73.     The NSA's referral failed to observe procedures required by law, including, *inter*

*alia*, the procedures set forth in 32 C.F.R. § 286.4.

**Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A.     order defendants to produce all responsive agency records within fourteen days of the

Court's Order in this matter;

B.     order defendant NSA to file, within fourteen days of the date of the Court's Order in this

matter, a "*Vaughn* Index," *i.e.* an affidavit: 1) identifying each document withheld from

disclosure; 2) stating defendant's claimed statutory exemption as to each withheld

document (or portion of a document); and 3) explaining why each withheld document is

exempt from disclosure;

C.      award plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E) (2009); and

D.      grant such other relief as the Court may deem just and proper.


Respectfully submitted,

By:      _____

John Verdi, Esquire (DC Bar # 495764)
Marc Rotenberg, Esquire (DC Bar # 422825)
Jared Kaprove, Esquire*
ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated:  February 4, 2010

*Mr. Kaprove is barred in the Commonwealth of Virginia.