**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-0196-RMU |
| | ) | |
| NATIONAL SECURITY AGENCY; NATIONAL SECURITY COUNCIL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**PARTIAL MOTION TO DISMISS**

As Plaintiff acknowledges—and as the D.C. Circuit has repeatedly and unequivocally held—the National Security Council ("NSC") is not subject to the requirements of the Freedom of Information Act ("FOIA") and is therefore not required to respond to a FOIA request. *See* Plaintiff Br. at 3; *see also Citizens for Responsibility & Ethics in Wash. v. Office of Admin.*, 566 F.3d 219, 223 (D.C. Cir. 2009); *Armstrong v. Executive Office of the President*, 90 F.3d 553, 565 (D.C. Cir. 1996). Nonetheless, in an attempt to avoid dismissal, Plaintiff asserts that the National Security Agency ("NSA") can unilaterally extend the reach of FOIA to cover the NSC—an entity otherwise excluded from the statute's scope—and thereby obligate the NSC to respond to a FOIA request. This argument is wholly without merit. This Court should therefore follow the clear caselaw of the D.C. Circuit and dismiss the NSC from the instant lawsuit.

Additionally, this Court should dismiss Count IV of the Complaint, allegedly brought against the NSA under the Administrative Procedure Act ("APA"). Plaintiff's APA claim alleges a violation of FOIA and seeks relief that is available under FOIA—an alternative remedy that plainly

precludes relief under the APA.  Plaintiff's opposition to this motion does not contest that the APA

claim seeks only relief that is alternatively available under FOIA.  Accordingly, as this Court has

repeatedly held, an APA claim is not available here.

**ARGUMENT**

**I.      THE NSC IS NOT SUBJECT TO FOIA**

As it must, Plaintiff acknowledges that the NSC is not an "agency" as that term is defined

by FOIA, and is therefore not governed by the statute.  *See* Plaintiff Br. at 3; *Armstrong*, 90 F.3d at

565 ("[W]e hold that . . . the NSC is not an agency subject to the FOIA."); *see also Citizens for*

*Responsibility & Ethics in Wash.*, 566 F.3d at 223 ("Nor is the National Security Council (NSC)

covered by FOIA because it plays no 'substantive role apart from that of the President.'" (citing

*Armstrong*)).   Accordingly, Plaintiff's only claim against the NSC—a FOIA claim in Count

III—must be dismissed.

To survive this fatal defect in its claim against the NSC, Plaintiff advances the argument that

an agency can unilaterally expand the scope of FOIA simply by referring a FOIA request to a

government entity that is otherwise beyond the statute's reach.  Specifically, Plaintiff argues that the

NSA's referral of Plaintiff's FOIA request to the NSC for "direct response" was sufficient, by itself,

to subject the NSC to FOIA.  *See* Plaintiff Br. at 4.  In support of this novel argument, Plaintiff

points to the NSA's FOIA regulations, which it argues provide for referrals only to "agencies"

subject to FOIA.  *Id.*

Plaintiff's argument is plainly wrong.  The NSA's regulations do not, and cannot, override

Congressional intent and impose an obligation on the NSC to respond to a FOIA request.  *See*

*generally Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-843 (1984) ("If the intent of

2

Congress is clear, that is the end of the matter; for the . . . agency, must give effect to the

unambiguously expressed intent of Congress."); *Atlantic City Elec. Co. v. FERC*, 295 F.3d 1, 11

(D.C. Cir. 2002) ("[R]egulations [cannot] trump the plain meaning of a statute."); *Ellis v. GMAC*,

160 F.3d 703, 709 (11th Cir. 1998) ("[R]egulations cannot trump the plain language of statutes.");

*Robbins v. Bentsen*, 41 F.3d 1195, 1198 (7th Cir. 1994) (same).  Moreover, contrary to Plaintiff's

suggestion (Plaintiff Br. at 4), Plaintiff is not entitled to rely on the NSA's referral to the NSC as a

purported "representation" by the NSA that the NSC is subject to FOIA.  *See, e.g.*, *Office of Pers.*

*Management v. Richmond*, 496 U.S. 414, 419 (1990) ("From our earliest cases, we have recognized

that equitable estoppel will not lie against the Government as against private litigants."); *Deaf Smith*

*County Grain Processors, Inc. v. Glickman*, 162 F.3d 1206, 1214 (D.C. Cir. 1998) ("Appellant's

claim . . . is, at bottom, an equitable estoppel claim against the Government.  Under clear precedent

of the Supreme Court, we are constrained to reject such a claim.").

Even if the NSA's referral could be characterized as a representation to Plaintiff that the NSC

was subject to FOIA (and it cannot), that representation would have no legal effect in the face of

unambiguous statutory language and caselaw to the contrary.[1]  *See Armstrong*, 90 F.3d at 565; *see*

*also Citizens for Responsibility & Ethics in Wash.*, 566 F.3d at 223.

Plaintiff is certainly aware that an agency cannot rewrite a statute, and thus primarily argues

against dismissal through a policy objection—the erroneous suggestion that Plaintiff will be left

---

[1]Equally spurious is any suggestion (Plaintiff Br. at 4–5) that an entity's voluntary
response to a FOIA request obligates that entity to respond to all FOIA requests.  *See generally*
*Armstrong*, 90 F.3d at 566 ("That the NSC, in the interests of permitting public access to some
NSC records and ensuring a smooth transition on national security matters, voluntarily subjected
certain of its records to the FOIA and the FRA does not reflect any intention to concede, and
should not be taken to establish as a matter of law, that the NSC is subject to those statutes.").

without a remedy due to bureaucratic sleight of hand if the NSC is dismissed from this lawsuit. *See* Plaintiff Br. at 1, 5 ("Dismissal of the NSC would . . . . risk a result in which neither the NSA nor the NSC is required to respond to [Plaintiff's] FOIA request.").

Even if such a policy objection could override the explicit restrictions of FOIA (and it cannot), this particular objection is without basis. The NSA has not moved to dismiss the FOIA claims brought against the NSA and has answered those claims. Plaintiff is free to prosecute its FOIA claim against the NSA and can challenge whatever basis is asserted for withholding the document that NSA acknowledges is in its possession. *See, e.g.*, *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 69 (D.D.C. 2008) (acknowledging that an agency may refer a FOIA request to a third-party governmental entity for consultation purposes, but nonetheless retains "ultimate[] responsib[ility] for responding to Plaintiff's FOIA request"). The NSC's participation in this lawsuit is thus not required and not appropriate, and all claims against the NSC should be dismissed.

## II.   FOIA PRESENTS AN ADEQUATE ALTERNATIVE TO PLAINTIFF'S ADMINISTRATIVE PROCEDURE ACT CLAIM

Plaintiff's APA claim seeks only relief that is available under FOIA and thus—per this Court's clear caselaw—must be dismissed.

In its opposition to dismissal, Plaintiff does not contest that its APA claim seeks only the release of documents from the NSA. Nor could Plaintiff mount any such argument: Plaintiff's Complaint seeks no APA-specific relief but instead only requests the release of documents—a form of relief that is clearly available under FOIA, and that Plaintiff in fact requests as part of its FOIA claim against the NSA. *See* Complaint ¶ 62. Because the relief Plaintiff seeks is available through FOIA, Plaintiff has "[an]other adequate remedy in a court" and thus cannot meet the requirements of an APA claim. *See* 5 U.S.C. § 704.

Plaintiff seeks to characterize its APA claim as targeting "the NSA's compliance with a freestanding agency regulation" (Plaintiff Br. at 8) so as to argue that the APA claim is somehow independent of FOIA.  But the alleged lack of compliance with NSA regulations is irrelevant here because the Complaint makes clear that the APA claim is premised on an alleged violation of FOIA. *See* Complaint ¶ 72 ("The NSA's referral exceeded the agency's authority, because the FOIA . . . does not permit the NSA to refer FOIA requests in this manner.").

Moreover, Plaintiff's opposition to dismissal does not contest that the APA claim, whatever its substantive basis, only seeks relief available under FOIA—*i.e.*, the release of documents.  Per the clear rulings of this Court, such a claim—one that is premised on an alleged FOIA violation and that seeks only relief that is available under FOIA—cannot be brought under the APA.  *See, e.g.*, *Kenney v. U.S. Dep't of Justice*, 603 F. Supp. 2d 184, 190 (D.D.C. 2009); *Sierra Club v. U.S. Dep't of the Interior*, 384 F. Supp. 2d 1, 30 (D.D.C. 2004); *see also, e.g.*, *Physicians Comm. for Responsible Med. v. U.S. Dep't of Health and Human Servs.*, 480 F. Supp. 2d 119, 121 n.2 (D.D.C. 2007); *Edmonds Inst. v. U.S. Dep't of the Interior*, 383 F. Supp. 2d 105, 111 (D.D.C. 2005).  Because Plaintiff's brief denies neither of these infirmities, the APA claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully asks this Court to enter an order granting

Defendants' partial motion to dismiss, dismissing Counts III and IV of Plaintiff's action, and

dismissing all claims against the NSC.

DATED: April 15, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

RONALD C. MACHEN
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

  /s/Joshua Wilkenfeld
JOSHUA WILKENFELD
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 305-7920
Fax: (202) 616-8470
Email: joshua.i.wilkenfeld@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing filing has been furnished via

CM/ECF to counsel for Plaintiff, John Verdi, Esq., of the Electronic Privacy Information Center,

on this 15th day of April, 2010.


  */s/ Joshua Wilkenfeld*

Joshua Wilkenfeld