**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL SECURITY AGENCY, *et al.* <br><br> Defendants. | Civil Action No. 10-0196 (BAH) |

**<u>MEMORANDUM OPINION</u>**

Pending before the Court is the partial motion to dismiss by the National Security Agency ("NSA") and the National Security Council ("NSC") two of the four claims in the Complaint. These claims stem from a Freedom of Information Act ("FOIA") request that the plaintiff, Electronic Privacy Information Center ("EPIC"), filed with the NSA seeking information related to the Comprehensive National Cybersecurity Initiative, a multi-agency federal initiative to ensure the security of the nation's online infrastructure. In this case, the NSA referred part of the plaintiff's FOIA request to the NSC since a responsive document in the NSA's possession had originated with the NSC. The plaintiff brought this lawsuit against both the NSA and NSC to compel the production of documents responsive to its FOIA request. The plaintiff believes that releasing the documents it seeks "would provide the opportunity for meaningful public participation in the development of new security measures that may have a significant impact on civil liberties, such as privacy." Def.'s Partial Mot. to Dismiss ("Defs.' Mot."), Ex. A at 2-3 (Plaintiff's FOIA Appeal). The defendants now seek to dismiss the plaintiff's claims in Count III, which alleges that the NSC "failed to disclose responsive agency records in its possession in response to the referral by the NSA," Compl. ¶ 66, and in Count IV, which alleges that the NSA

violated the Administrative Procedure Act when it referred the FOIA request to the NSC. *Id*. ¶ 72. For the reasons discussed below, the Court will grant the partial motion to dismiss.[1]

## I.   BACKGROUND

On June 25, 2009, Plaintiff EPIC submitted a FOIA request to the NSA seeking documents related to the Comprehensive National Cybersecurity Initiative ("CNCI"), an initiative established by former President George W. Bush that outlines federal cyber-security goals. *Id.* ¶¶ 6, 10, 15.

The plaintiff is a not-for-profit public interest research organization that reviews federal activities and policies to determine their possible impact on civil liberties and privacy interests. *Id.* ¶ 3. The NSA is an agency within the Department of Defense that is responsible for shielding our nation's coded communications from interception by foreign governments and for secretly intercepting intelligence communications from foreign nations. *See Founding Church of Scientology of Wash., D.C., Inc. v. NSA*, 610 F.2d 824, 825 (D.C. Cir. 1979); *Larson v. Dep't of State*, No. 02-01937, 2005 WL 3276303, at *17 (D.D.C. Aug. 10, 2005), *aff'd*, 565 F.3d 857 (D.C. Cir. 2009).

President Bush established the CNCI on January 8, 2008 by issuing National Security Presidential Directive 54 ("NSPD 54"), also known as Homeland Security Presidential Directive 23. *Id.* ¶¶ 6, 8. The contents of NSPD 54 have not been released to the public. *Id.* ¶ 7. The CNCI, as described by the Senate Committee on Homeland Security and Governmental Affairs,

---

[1] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under a federal law – the Freedom of Information Act – and "the district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction is also established by the FOIA statute itself, which provides that "[o]n complaint, the district court of the United States. . . in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Section 552(a)(4)(B) also makes venue proper in this District. *See In re Scott,* 709 F.2d 717, 720 (D.C. Cir. 1983) (citing 5 U.S.C. § 552(a)(4)(B) for the proposition that Congress expressly intended "to render the District of Columbia an all-purpose forum in FOIA cases.").

is a "multi-agency, multi-year plan that lays out twelve steps to securing the federal

government's cyber networks." *Id.* ¶¶ 9-10.  The CNCI was formed "to improve how the federal

government protects sensitive information from hackers and nation states trying to break into

agency networks."  Defs.' Mot., Ex. A at 1-2.

On June 25, 2009, the plaintiff submitted a written FOIA request to the NSA that, in its

entirety, sought the following documents:

    a.  The text of the National Security Presidential Directive 54 otherwise referred to as
        Homeland Security Presidential Directive 23;

    b.  The full text, including previously unreported sections, of the Comprehensive
        National Cybersecurity Initiative, as well as any executing protocols distributed to the
        agencies in charge of its implementation; and

    c.  Any privacy policies related to either the Directive, the Initiative, including but not
        limited to, contracts or other documents describing privacy policies for information
        shared with private contractors to facilitate the Comprehensive National
        Cybersecurity Initiative.

Compl. ¶ 15.  The plaintiff also requested an expedited response to its request.  *Id.* ¶ 16.  The

expedited processing request was initially denied on July 1, 2009, but was granted on August 12,

2009, after the plaintiff filed an administrative appeal.  *Id.* ¶¶ 22, 29.

The NSA responded to the plaintiff's request on August 14, 2009 and produced two

redacted documents that had been previously released under FOIA, although the Complaint does

not indicate whether the plaintiff was the previous recipient of the documents.  *Id.* ¶ 33.  On

October 26, 2009, the NSA informed the plaintiff that its request had been processed further and

that three records responsive to the request had been located.  *Id.* ¶¶ 36-38.  The NSA withheld

two of the three records in their entirety, claiming that these two records were exempt from

release pursuant to various statutory exemptions to FOIA's disclosure requirements.  *Id.* ¶¶ 39-

41.  The plaintiff's Complaint indicates the NSA did not provide a factual basis for its

determinations that the claimed FOIA exemptions were applicable to the withheld documents.

*Id.*  As for the third record responsive to the plaintiff's request, the NSA indicated that this record did not originate with the NSA, but rather with the NSC, and that the record had therefore been referred to the NSC for "review and direct response to [EPIC]."  *Id.* ¶ 42.   The NSC is a presidential advisory group composed of the President, Vice-President, Secretary of State, Secretary of Defense, and other cabinet-level officials, including the National Security Advisor, that advises the President of the United States on national security and foreign policy issues. *Armstrong v. Exec. Office of the President*, 90 F.3d 553, 556 (D.C. Cir. 1996); 50 U.S.C. § 402(a).

The plaintiff filed a written administrative appeal to the NSA on November 24, 2009, contesting the NSA's failure to disclose the records that were found responsive to the FOIA request.  *Id.* ¶¶ 43-47.   The NSA acknowledged receipt of the appeal on December 18, 2009 and predicted a decision on the plaintiff's appeal "within the next nine months."  *Id.* ¶¶ 48-50.   As of February 4, 2010, the date this case was filed, the plaintiff had not received any communication from the NSC regarding the FOIA request.  *Id.* ¶ 51.

The plaintiff brought this case to compel the defendants NSA and NSC to produce "all responsive agency records" and to order the NSA to file a *Vaughn* index that identifies each withheld document, states the NSA's claimed statutory exemption as to each withheld document, and explains why each withheld document is exempt from disclosure.  Compl., Requested Relief, ¶¶ A-B.   In Count I of the Complaint, the plaintiff alleges that the NSA violated FOIA by failing to comply with statutory deadlines regarding its administrative appeal.  *Id.* ¶¶ 52-57.   In Count II, the plaintiff alleges that the NSA failed to disclose responsive agency records through (1) withholding records that are not exempt, (2) withholding nonexempt portions of records that are reasonably segregable from exempt portions, and (3) improperly referring a portion of the

plaintiff's FOIA request to the NSC.  *Id.* ¶¶ 58-63.  In Count III, which is directed against the

NSC, the plaintiff alleges that the NSC violated FOIA by failing to disclose responsive agency

records in its possession in response to the referral by the NSA.  *Id.* ¶¶ 64-68.  Lastly, in Count

IV, the plaintiff alleges that the NSA's referral of the FOIA request to the NSC violated the

Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq*.  *Id.* ¶ 70.

On March 25, 2010, the defendants filed a partial motion to dismiss Counts III and IV

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defs.' Mot. at 1.[2]  The

defendants argue that since the NSC is not an entity subject to FOIA's disclosure requirements,

the Court should dismiss the plaintiff's claims against the NSC (i.e., Count III).  Mem. in Supp.

of Defs.' Partial Mot. to Dismiss ("Defs.' Mem.") at 1-2.  The defendants further argue that the

Court should dismiss Count IV, the plaintiff's APA claim against the NSA, because FOIA

provides an adequate alternative remedy for the relief sought in the plaintiff's APA claim.  *Id.* at

2.  The defendants' partial motion to dismiss is presently before the Court.[3]

## II.    DISCUSSION

### A.  Standard of Review

Congress enacted FOIA to promote transparency across the government.  See 5 U.S.C. §

552; *Quick v. U.S. Dep't of Commerce, Nat'l Inst. of Standards & Tech.*, No. 09-02064, 2011

WL 1326928, at *3 (D.D.C. April 7, 2011) (citing *Stern v. FBI*, 737 F.2d 84, 88 (D.C. Cir.

1984).  The Supreme Court has explained that FOIA is "a means for citizens to know 'what their

Government is up to.'  This phrase should not be dismissed as a convenient formalism.  It

defines a structural necessity in a real democracy."  *Nat'l Archives & Records Admin. v. Favish*,

---

[2] This case was reassigned to the presiding judge on January 20, 2011.
[3] Since the present motion to dismiss addresses only Counts III and IV of the Complaint, the Court does not reach the merits of Counts I and II; namely, whether the NSA has validly asserted certain FOIA exemptions and fulfilled its statutory disclosure obligations.

541 U.S. 157, 171-172 (2004) (internal citations omitted).  "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  The strong interest in transparency must be tempered, however, by the "legitimate governmental and private interests [that] could be harmed by release of certain types of information."  *United Techs. Corp. v. U.S. Dep't of Defense*, 601 F.3d 557, 559 (D.C. Cir. 2010); *see also Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992).  Accordingly, Congress included nine exemptions permitting agencies to withhold information from FOIA disclosure.  5 U.S.C. § 552(b).  "These exemptions are explicitly made exclusive, and must be narrowly construed." *Milner v. Dep't of the Navy*, 131 S. Ct. 1259, 1262 (2011) (internal quotations and citations omitted) (citing *FBI v. Abramson*, 456 U.S. 615, 630 (1982)); *see also Pub. Citizen, Inc. v. Office of Management and Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing *Twombly,* 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949, 1940.

The Court must "assume all the allegations in the complaint are true (even if doubtful in fact) ... [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.,* 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotations and citations omitted).  When the Court reviews legal conclusions, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949).

**B. Analysis**

**1.      The NSC is not an Agency Subject to FOIA**

The text of FOIA makes clear that the statute applies to "agenc[ies]" only.  *See* 5 U.S.C. § 552(a) ("Each agency shall make available to the public information as follows…").  The statutory definition of an "agency" explicitly includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President).  *See* 5 U.S.C. § 552(f).  Using legislative history as its guide, however, the Supreme Court has held that "the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President are not included within the term 'agency' under the FOIA."  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 155 (1980) (quoting H.R. Rep. No. 93-1380, at 15 (1974) (Conf. Rep.)) (internal quotations and citations omitted).

The National Security Act of 1947 established the NSC to "advise the President with respect to the integration of domestic, foreign, and military policies relating to national security." 50 U.S.C. § 402(a); *Armstrong*, 90 F.3d at 556.  Pursuant to the Reorganization Plan No. 4 of

1949, the NSC was transferred to the Executive Office of the President.  Reorg. Plan No. 4 of 1949, 14 Fed. Reg. 5227, 63 Stat. 1067 (1949).

This Circuit has unambiguously held that the NSC is not an agency subject to FOIA. *Armstrong*, 90 F.3d at 565 ("[W]e hold that . . . the NSC is not an agency subject to the FOIA."); *see also Citizens for Responsibility and Ethics in Wash. v. Office of Admin.*, 566 F.3d 219, 223 (D.C. Cir. 2009) ("Nor is the National Security Council . . . covered by FOIA because it plays no 'substantive role apart from that of the President, as opposed to a coordinating role on behalf of the President.'") (quoting *Armstrong*, 90 F.3d at 565); *Alexander v. FBI*, 691 F. Supp. 2d 182, 189 (D.D.C. 2010) ("[T]he National Security Council [and certain other Executive offices] have all been excluded from FOIA's definition of agency because they are either part of the President's immediate staff or have the sole function of advising and assisting the President."). In ruling that the NSC is not an agency subject to FOIA, the D.C. Circuit in *Armstrong* applied a three-factor test to determine whether an entity is an agency subject to FOIA.  *See Armstrong*, 90 F.3d at 558-65 (applying three-factor test described in *Meyer v. Bush*, 981 F.2d 1288, 1293 (D.C. Cir. 1993)).  The test requires the court to inquire into (1) "how close operationally the group is to the President," (2) "whether it has a self-contained structure," and (3) "the nature of its delegat[ed]" authority.  *Id.*  These three factors do not need to be weighed equally; rather, each factor warrants consideration insofar as it is illuminating in the particular case.  *Armstrong*, 90 F.3d at 558.  The court found that the NSC has a firm structure, making it similar to an agency, but ultimately concluded that because the NSC operates in such close proximity to the President – who chairs it – and does not exercise substantial independent authority, it is "more like the President's immediate personal staff."  *Id.* at 567.  Accordingly, the D.C. Circuit held that the

"NSC is not an agency within the meaning of the FOIA." *Id* at 556. That conclusion is binding upon this Court.

Organizations that are not an "agency" under FOIA are neither required to respond to a FOIA request nor subject to a FOIA lawsuit. *See Citizens for Responsibility and Ethics in Wash.*, 566 F.3d at 225; *Sweetland v. Walters*, 60 F.3d 852, 855 (D.C. Cir. 1995). Since the D.C. Circuit squarely held in *Armstrong* that the NSC is not an agency subject to FOIA, the NSC cannot be compelled to respond to a FOIA request.

The plaintiff attempts to distinguish *Armstrong* because the FOIA request in that case was made directly to the NSC, while, in this case, the NSA referred the request to the NSC. *See* Pl.'s Opp'n to Defs.' Partial Mot. to Dismiss ("Pl.'s Opp'n") at 3. The plaintiff contends that, by referring the FOIA request to the NSC, the NSA "treat[ed] the NSC as if it were an agency subject to the FOIA," and therefore this Court should find the NSC subject to FOIA in this case. *Id* at 4.

The plaintiff's argument is unpersuasive. It is true that agencies that receive FOIA requests and discover responsive documents that were created by another agency may forward, or "refer," those requests to the agency that "originated" the document. *See Schoenman v. FBI*, No. 04-2202, 2009 WL 763065, at *6 (D.D.C. Mar. 19, 2009) ("A 'referral' occurs when, in the course of reviewing documents responsive to a FOIA [ ] request, an agency finds a document that was originated by a second agency. When that occurs, the agency receiving the FOIA [ ] request forwards, or 'refers,' the document(s) at issue to the second agency, which then becomes responsible for directly responding to the requester as to those documents.") (internal citations omitted). Here, however, the question is whether an entity *that is not an agency subject to FOIA* must respond to a FOIA request referred from an agency that is subject to FOIA. This question

appears to be one of first impression in this Circuit, since neither the parties nor the Court have located authority that directly addresses the issue.  The Court finds the answer to this question to be clear-cut: The answer is no.  An entity that is not subject to FOIA cannot unilaterally be made subject to the statute by any action of an agency, including referral of a FOIA request.  It would defy logic and well-settled legal norms if an agency could unilaterally expand the scope of FOIA by referring requests to entities beyond FOIA's ambit.

The plaintiff points out, correctly, that the NSA's internal regulations permit it to refer FOIA requests for records originated "by other agencies" to "the originating agency's FOIA Authority."  32 C.F.R. § 299.5(k).  Yet, by referring the plaintiff's FOIA request to the NSC – which is not an "agency" for FOIA purposes – the NSA does not thereby transform the NSC into an agency and render the NSC "subject to the FOIA with respect to this request," as the plaintiff alleges.  Compl. ¶ 65.  As an agency within the Executive Branch, the NSA does not have the power to expand FOIA's reach beyond the scope intended by Congress.  *See Emily's List v. FEC*, 581 F.3d 1, 26 (D.C. Cir. 2009) ("The Executive Branch cannot make law, but instead executes laws enacted by the Legislative Branch.").  "[A]n agency literally has no power to act . . . unless and until Congress confers power upon it."  *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986).  As the Supreme Court has explained, "[a]n agency may not confer power upon itself.  To permit an agency to expand its power in the face of a congressional limitation on its jurisdiction would be to grant to the agency power to override Congress. This we are both unwilling and unable to do."  *Id.* at 374-75; *see also Cal. Indep. Sys. Operator Corp. v. FERC*, 372 F.3d 395, 398 (D.C. Cir. 2004).  Even assuming, *arguendo*, that the NSA's regulations authorized a referral to the NSC, the NSA's regulations cannot trump Congressional intent to

exclude close presidential advisors from FOIA.  *See Kissinger*, 455 U.S. at 156; *see also Armstrong*, 90 F.3d at 558.

The plaintiff further argues that even if the NSC is not technically an "agency" subject to the FOIA, the NSA should be held to its representation "that the NSC would 'review' the request and provide a 'direct response.'"  Pl.'s Opp'n at 4.  Indeed, the plaintiff contends reliance on this representation was reasonable since, before the D.C. Circuit decided in *Armstrong* that the NSC was not subject to FOIA, the NSC had voluntarily responded to certain FOIA requests while asserting that it was not statutorily required to do so.  *See* Pl.'s Opp'n at 4-5 (citing *Armstrong*, 90 F.3d at 557, 566).  This argument essentially rests on an equitable estoppel theory, but equitable estoppel is not available against the federal government, except where the plaintiff has relied on the government's conduct "in such a manner as to change [its] position for the worse," and where the government has engaged in "affirmative misconduct."  *Morris Commc'ns, Inc. v. FCC*, 566 F.3d 184, 191 (D.C. Cir. 2009).  Such circumstances are absent from this case.  *See, e.g.*, *id.* at 192 (finding an agency's "three-year silence" in response to a request for waiver of automatic cancellation of radio licenses was "egregious" but did not constitute "affirmative misconduct").  Moreover, the D.C. Circuit expressly addressed the issue of the NSC's prior voluntary disclosures in *Armstrong*: "That the NSC . . . voluntarily subjected certain of its records to the FOIA and the [Federal Records Act] does not reflect any intention to concede, and should not be taken to establish as a matter of law, that the NSC is subject to those statutes." *Armstrong*, 90 F.3d at 566.  In short, the law in this Circuit since *Armstrong* is that the NSC is not subject to FOIA requests.

Lastly, the plaintiff asks this Court to find the NSC subject to FOIA in this case in order to avoid its FOIA request from being "toss[ed]… down a procedural black hole, with neither [the

NSA nor the NSC being] required to disclose an agency record that they both possess."  Pl.'s

Opp'n at 3.  The plaintiff contends that the defendant's arguments would trap its request in a

Catch-22 based on two "clearly contradictory" premises: (1) the NSA properly referred EPIC's

FOIA request to the NSC; and (2) the NSC need not respond to the request because it is not

subject to FOIA.  *Id.*  Dismissing the plaintiff's claim against the NSC, however, does not leave

the plaintiff's request stuck in limbo, as the plaintiff fears, because the plaintiff can still pursue

its claim against the NSA for wrongfully withholding an agency record in its possession.

Indeed, Count II of the Complaint alleges that the NSA violated FOIA by "improperly

referring a portion of EPIC's FOIA request to the [NSC]."  Compl. ¶ 61.  The defendants have

not moved to dismiss this count and the defendants concede that the plaintiff can continue its

prosecution of this claim against the NSA.[4]  *See* Defs.' Reply Mem. at 4.  While the NSC is not

subject to FOIA requests, the NSA's referral of the FOIA request to the NSC does not relieve the

NSA of its continuing obligation to respond to the request.  An agency may only properly refer a

FOIA request to another agency when doing so does not constitute an improper withholding of

agency records.  *See* 5 U.S.C. § 552(a)(4)(B); *Campaign for Responsible Transplantation v.

FDA*, 511 F.3d 187, 190 (D.C. Cir. 2007) ("Under 5 U.S.C. § 552(a)(4)(B), when responsive

documents have been unjustifiably withheld, a district court has the power to enjoin the agency

from withholding agency records and to order the production of any agency records improperly

withheld.") (internal quotation omitted).   A referral of a FOIA request could be considered a

"withholding" if "its net effect is to impair the requester's ability to obtain the records or

---

[4] The NSA may intend to argue that its referral of the plaintiff's request to the NSC was a proper inter-agency referral that relieved the NSA of any obligation to respond to the request.  The plaintiff has inferred as much from its interpretation of a footnote in the defendants' memorandum, *see* Pl.'s Opp'n at 5 (citing Defs.' Mem. at 5 n.4), but the Court notes that the NSA has not directly advanced this position before the Court.  The Court agrees with the plaintiff that such a position would be facially inconsistent with the defendants' arguments regarding the instant motion.

significantly to increase the amount of time he must wait to obtain them." *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), *vacated in part and aff'd in part,* 711 F.2d 1076 (D.C. Cir. 1983).  Such a withholding would be "improper" when it fails to satisfy a reasonableness standard for evaluating agency FOIA procedures.  *Id*. at 1110.  In considering the plaintiff's claims against the NSA, which the defendants have not moved to dismiss, this Court will have an opportunity to evaluate the propriety of the NSA's handling of all documents responsive to the FOIA request, including the document that originated with the NSC.

The NSA's referral of the plaintiff's FOIA claim to the NSC, even combined with its representation that the NSC would respond directly to the plaintiff's request, does not subject the NSC to FOIA.  Accordingly, the Court will grant the defendants' motion to dismiss Count III of the plaintiff's Complaint and dismiss the NSC from this action.

### 2. The FOIA Provides the Plaintiff with an Adequate Alternative Remedy to the Plaintiff's APA Claim

Count IV of the plaintiff's Complaint alleges that the NSA violated the APA by referring the FOIA request to the NSC.  Compl. ¶ 70; *cf.* 5 U.S.C. § 706(2)(A).  Specifically, the plaintiff claims the referral was "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law" because the FOIA does not permit the NSA to refer FOIA requests in this manner and because the NSA's referral failed to observe procedures required by law, including the procedures set forth in NSA regulations codified at 32 C.F.R. § 286.4.[5]  Compl. ¶¶

---

[5] The plaintiff does not make clear the specific sub-part of 32 C.F.R. § 286.4 that the NSA allegedly violated.  *See* Compl. ¶ 73.  The plaintiff may be relying on § 286.4(i)(7), which governs how Department of Defense ("DoD") Components, such as the NSA, respond to requests involving NSC records.  According to § 286.4(i)(7), "DoD records in which the NSC or White House has a concurrent reviewing interest, and NSC, White House, or [White House Military Office] records discovered in DoD Components' files shall be forwarded to the Directorate for Freedom of Information and Security Review (DFOISR). The DFOISR shall coordinate with the NSC, White House, or WHMO and return the records to the originating agency after coordination."

71-73.   The defendant has moved to dismiss the plaintiff's APA claim because an adequate remedy is available under FOIA.   *See* Defs.' Mem. at 7.

The APA permits judicial review of "final agency action[s] for which there is no other adequate remedy in a court."   *See* 5 U.S.C. § 704.   The Supreme Court has held that the APA's judicial review provision "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."   *Bowen v. Mass.*, 487 U.S. 879, 903 (1988).   In this Circuit, the alternative remedy "need not provide relief identical to relief under the APA, so long as it offers relief of the same genre."   *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009).   "[W]here a statute affords an opportunity for *de novo* district-court review" of the agency action, APA review is precluded since "Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the statute's review provision] and the APA."   *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005).

APA claims arising out of an agency's response to a FOIA request must be dismissed when they seek relief that can be obtained through a FOIA claim itself.   *See Feinman v. FBI*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) ("This Court and others have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA."); *Kenney v. U.S. Dep't of Justice*, 603 F. Supp. 2d 184, 190 (D.D.C. 2009) ("Plaintiff's claim that the [agency] improperly withheld agency records that were responsive to his FOIA request is, of course, reviewable under the FOIA itself. . . Accordingly, plaintiff does not also have access to judicial review under the APA.") (internal citations omitted); *People for the American Way Found. v. Nat'l Parks Serv.*, 503 F. Supp. 2d 284, 308 (D.D.C. 2007) (finding agency's alleged failure to disclose documents responsive to plaintiff's FOIA request not reviewable under APA); *Edmonds Institute v. U.S.*

14

*Dep't of Interior*, 383 F. Supp. 2d 105, 111 (D.D.C. 2005) (finding FOIA provided adequate remedy and dismissing plaintiff's claim under the APA that the agency failed to respond to FOIA requests within statutory timeline).

The plaintiff asserts that "[c]ourts often adjudicate lawsuits involving related APA claims and FOIA claims," citing in support of this proposition *Snyder v. CIA*, 230 F. Supp. 2d 17 (D.D.C. 2002). Pl.'s Opp'n at 8. In that case, a court in this District appeared to have addressed an APA claim challenging the defendant agency's FOIA referral procedures. A close reading of the case reveals, however, that the statutory provision that the court actually applied in adjudicating the "APA" claim in *Snyder* was "Section 552(a)(4)(B) of the Administrative Procedures Act" or "5 U.S.C. § 552(a)(4)(B)" – i.e., the judicial review provisions of the FOIA statute, not the general APA judicial review provisions, which are codified at 5 U.S.C §§ 704-706. Thus, *Snyder* does not actually present a situation in which a court in this District entertained a FOIA claim and a related APA claim under 5 U.S.C. § 706, as the plaintiff contends.[6] Even if *Snyder* did present such a situation, however, the Court would still dismiss the APA claim in this case in view of the binding precedents from the D.C. Circuit.[7]

The plaintiff asserts that the cases in which APA claims have been dismissed from FOIA suits are distinguishable from the instant situation, since the plaintiff here is asserting an APA violation that stems not from failure to disclose documents responsive to its FOIA request,

---

[6] The original enactment of FOIA amended the public disclosure section of the APA. *See EPA v. Mink*, 410 U.S. 73, 79 (1973). FOIA remains codified within the APA at 5 U.S.C. § 552.

[7] In defense of its APA claim, the plaintiff also cites one case from outside this Circuit. *See* Pl.'s Opp'n at 8 (citing *Or. Natural Desert Ass'n v. Locke*, 572 F.3d 610, 618 (9th Cir. 2009)). At issue in *Locke* was an agency regulation that defined documents responsive to FOIA requests as those within the possession and control of the agency as of the date of the FOIA request. 572 F.3d at 613. The Oregon Natural Desert Association ("ONDA") argued that this cut-off regulation violated FOIA. *Id.* The district court agreed and awarded attorney's fees to ONDA. *Id.* On appeal, the agency argued that it should not be liable for ONDA's attorney's fees regarding this claim because the claim should have been brought under the APA, not FOIA. *Id.* at 618. The Ninth Circuit did not adopt the agency's reasoning and held that, even if the claim had been brought under the APA, ONDA would have prevailed in its challenge to the validity of the regulation and would have been awarded attorney's fees. *Id.*

but rather from the NSA's failure to abide by its own regulations. *See* Pl. Opp'n at 8. This distinction is not persuasive. The plaintiff is requesting the same relief for its APA claim that it is requesting for its FOIA claims – a court order requiring production of all responsive agency records and requiring the NSA to file a *Vaughn* Index describing and justifying all claimed exemptions. See Compl., Requested Relief ¶¶ A-B. Accordingly, adequate relief is available under FOIA without recourse to the APA. *See Feinman*, 713 F. Supp. 2d at 76-77 (finding relief under the APA precluded when the plaintiff was challenging agency's FOIA procedure, not agency's substantive determinations on his FOIA request, because plaintiff would receive the same relief if he prevailed on his FOIA claims); *see also Garcia*, 563 F.3d at 522 (explaining that APA review is precluded where Congress has otherwise provided an adequate alternative remedy that offers relief of the "same genre").

Since adequate relief is available to the plaintiff under FOIA, the Court will grant the defendants' motion to dismiss Count IV of the plaintiff's Complaint.

## III.    CONCLUSION

For the reasons stated above, the Court concludes that Counts III and IV of the plaintiff's Complaint should be dismissed and that the NSC should be dismissed from this action. Accordingly, the defendants' partial motion to dismiss is granted. The parties shall submit a joint report on or before July 20, 2011, on the status of this matter and a proposed schedule for completion of a *Vaughn* index and/or dispositive motions. An order consistent with this Memorandum Opinion will be entered separately.

DATED: July 7, 2011                              /s/ *Beryl A. Howell*

                                                  BERYL A. HOWELL
                                                  United States District Judge