## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ELECTRONIC PRIVACY                      )
INFORMATION CENTER                      )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     Case No. 1:10-cv-00196-BAH
                                        )
NATIONAL SECURITY AGENCY                )
                                        )
                                        )
                                        )
          Defendant.                    )
_____       )

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Civil Rule 7(h) of the Rules of the United States District Court for the District of Columbia, defendant United States Department of State hereby submits the following statement of material facts not in dispute in connection with its motion for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure.

1.      Plaintiff filed a FOIA request on June 25, 2009, which was received by the National Security Agency ("NSA") on June 26, 2009, seeking information on the following: (1) The text of the National Security Presidential Directive 54 otherwise referred to as The Homeland Security Presidential Directive 23; (2) The full text, including previously unreported sections, of the Comprehensive National Cybersecurity Initiative, as well as any executing protocols distributed to agencies in charge of its implementation; and (3) Any privacy policies related to the either the Directive, the Initiative, including but not limited to, contracts or other documents describing privacy

policies for information shared with private contractors to facilitate the Comprehensive

National Cybersecurity Initiative.  Declaration of Diane M. Janosek ("Janosek Decl.") ¶

10.

2.      In this request, the Plaintiff also sought expedited processing and "news

media' status.  Janosek Decl. ¶ 10.

3.      By letter dated July 1, 2009, the Chief, FOIA/PA Office, NSA/CSS,

responded to Plaintiff's FOIA request.  In this initial response, NSA informed Plaintiff

that its request for a waiver of fees was granted.  NSA also informed Plaintiff that its

request for expedited treatment was denied and that NSA would process the Plaintiff's

request in NSA's normal processing queue.  The NSA informed Plaintiff of its right to

appeal the denial of Plaintiff's request for expedited processing.  Janosek Decl. ¶ 11.

4.      By letter dated July 30, 2009, Plaintiff appealed NSA's decision to deny it

expedited processing.  Janosek Decl. ¶ 12.

5.      By letter dated August 12, 2009, NSA's FOIA/PA Appeals Authority

granted Plaintiff's request for expedited processing based on his review of Plaintiff's

original request, the FOIA/PA Office's initial response, and the information provided by

Plaintiff on appeal.  Janosek Decl. ¶ 12.  Accordingly, Plaintiff's FOIA request was

placed in NSA's expedite queue.

6.      By letter dated August 14, 2009, the NSA FOIA Office informed the

Plaintiff that its request was placed in the expedited queue and that NSA had finished its

search for records responsive to its request.  Janosek Decl. ¶ 13.  NSA's FOIA Office

informed Plaintiff that two documents which were responsive to item 3 of its request had

been previously released under the FOIA with redactions and that NSA was providing these documents to the Plaintiff as they were approved for release under FOIA.  Janosek Decl. ¶ 13.

7.      NSA's FOIA Office further informed Plaintiff that if it wanted NSA to conduct a new review of these two previously documents, then it should notify NSA's FOIA Office.  NSA's FOIA Office then explained why certain information in these two documents was withheld in the prior FOIA partial releases.  Further, NSA's FOIA Office notified Plaintiff as to its right to appeal the withholding of information in these two documents.  Janosek Decl. ¶ 13.

8.      Finally, the FOIA Office informed Plaintiff that the remaining responsive information had been assigned for review to determine what information could be released and that NSA would finish this review as expeditiously as possible.  Janosek Decl. ¶ 13.

9.      Plaintiff did not request that NSA re-review the two previously released documents (discussed in ¶¶ 6-7, above), nor did Plaintiff appeal the withholdings in the two documents that NSA released along with its letter of August 14, 2009.  Janosek Decl. ¶ 14.

10.     By letter dated October 26, 2009, NSA's FOIA Office informed Plaintiff that it had completed its processing of Plaintiff's FOIA request.  In this letter, NSA informed Plaintiff that it had conducted a thorough search of its files, but it could not locate any records responsive to item 2 of Plaintiff's request.  NSA further informed

Plaintiff that it had located 3 documents consisting of 26 pages that were response to items 1 and 3 of Plaintiff's request.  Janosek Decl. ¶ 15.

11.     Specifically, regarding item 3 of the FOIA request, NSA informed Plaintiff that there were two responsive documents, but they would be withheld in their entirety based on the fifth exemption of the FOIA because the information contained in these two documents were covered by the deliberative process privilege.  Additionally, information in both documents was exempt from release based on the third exemption of the FOIA because the information was protected from release by statute.  Further, information in one of these two documents was also exempt based on the first exemption of the FOIA because the information was currently and properly classified in accordance with the governing executive order.

12.     These two documents were draft versions of NSA policies, and they were not finalized at the time the Agency conducted its search for records responsive to the Plaintiff's June 25, 2009 FOIA request.  In a Supplemental Production dated August 30, 2011, NSA released the finalized versions of these two policies, NSA/CSS Policy 1-58 and IAD Management Directive 20, to the Plaintiff with redactions (pursuant to FOIA Exemptions 1 and 3) of classified information (for NSA/CSS Policy 1-58 only) and information protected from release by statute.  Janosek Decl. ¶ 15 & n.2.

13.     Finally, the NSA's October 26, 2009 letter informed Plaintiff that there was one document that was responsive to item #1 of its request.  NSA informed Plaintiff that it had forwarded this document to the National Security Council for a release determination.  Janosek Decl. ¶ 15.

4

14.     The October 26, 2009 letter also notified Plaintiff of its right to appeal NSA' s determinations that there were no documents responsive to item #2 of its request, and its determination that the two documents responsive to item #3 were exempt in their entirety.  Janosek Decl. ¶ 16

15.     By letter November 24,2009, Plaintiff appealed these two NSA determinations.   Janosek Decl. ¶ 17.  Plaintiff did not, however, challenge the sufficiency of NSA's search for records responsive to item 3 of Plaintiff's FOIA request.  *Id.*

16.     NSA placed Plaintiff's appeal in its appeal queue for processing.  On February 4, 2010, before NSA had processed Plaintiff's appeal, Plaintiff filed a civil action regarding its FOIA request to NSA.  At that time, NSA ceased processing Plaintiff's appeal.  Janosek Decl. ¶ 17.

17.     On March 25, 2010, Defendants filed a motion to dismiss Counts III and IV of the Complaint, and to dismiss all claims brought against the National Security Council.

18.     This Court granted the motion to dismiss on July 7, 2011, dismissing Counts III and IV of the Complaint and dismissing the National Security Council from this action.

 DATED: October 11, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

RONALD C. MACHEN
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

_/s/Joshua Wilkenfeld_
JOSHUA WILKENFELD
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 305-7920
Fax: (202) 616-8470
Email: joshua.i.wilkenfeld@usdoj.gov

*Counsel for Defendants*