**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER ) ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES NATIONAL ) SECURITY AGENCY ) ) Defendant. ) ) | No. 1:10-cv-00196-BAH |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

In accordance with Local Civil Rule 7(h) (LCvR7(h)), Plaintiff Electronic Privacy Information Center ("EPIC") submits this statement of material facts not in genuine dispute in support of its cross motion for summary judgment.

1. In January 2008, National Security Presidential Directive 54 (NSPD 54) was issued by then-President George W. Bush, but not released to the public.

2. The NSA has been involved with the development and execution of cybersecurity policy pursuant to NSPD 54 since its issuance.

3. The NSA is in possession of NSPD 54, the Comprehensive National Cybersecurity Initiative, and related records.

4. On June 25, 2009, EPIC filed a FOIA request with the NSA, seeking (1) the text of the National Security Presidential Directive 54 otherwise referred to as the Homeland Security Presidential Directive 23, (2) the full text, including previously unreported sections, of the Comprehensive National Cybersecurity Initiative, as well as any executing protocols distributed to the agencies in charge of its implementations, and (3)

any privacy policies related to either the Directive, the Initiative, including but not limited to, contracts or other documents describing privacy policies for information shared with private contractors to facilitate the Comprehensive National Cybersecurity Initiative.

5. EPIC's June 25, 2009 FOIA request included a request for expedited processing, news media fee status, and a fee waiver.

6. The NSA acknowledged receipt of EPIC's FOIA request on July 1, 2009 and assigned it case number 58987.

7. The NSA further granted EPIC's request for news media fee status and for a fee waiver, but denied EPIC's request for expedited processing. The NSA did not make a substantive determination as to EPIC's FOIA request.

8. On July 20, 2009 EPIC appealed the NSA's denial of expedited processing and for failing to meet their deadlines for document disclosure as prescribed by the FOIA.

9. On August 12, 2009, the NSA granted EPIC's request for expedited processing.

10. The NSA represented that the search for documents was complete by letter dated August 14, 2009. The NSA included two documents that were responsive to category 3 of EPIC's FOIA request and that had previously been released with redactions pursuant to FOIA Exemption (b)(1) (classified information) and FOIA exemption (b)(3) (information protected from release by statute).

11. The NSA further stated that it was reviewing other responsive documents for release.

12. On October 26, 2009, 73 days after the search for records was completed, the NSA sent a letter to EPIC explaining that no records were found in response to category 2 of EPIC's FOIA request.

13. The NSA's October 26, 2009 letter also stated that three additional documents were found in response to categories 1 and 3 of EPIC's FOIA request. In regard to two of the documents, the NSA asserted (a) both were to be withheld in their entirety under FOIA Exemption (b)(5) (deliberative process privilege), (b) one was to be withheld under FOIA Exemption (b)(1) (classified information), and (c) portions of both documents were to be withheld partially under FOIA Exemption (b)(3) (information protected from release by statute).

14. Finally, the last sentence of the NSA's October 26, 2009 letter stated that the third document found in response to EPIC's FOIA request would be withheld because it did not originate with the NSA, and that the NSA was referring it to the National Security Council "for review and direct response to [EPIC]."

15. The National Security Council is not subject to the FOIA.

16. EPIC transmitted an appeal to the NSA on November 24, 2009, challenging (a) the NSA's assertion that there were no responsive documents to category 2 of EPIC's FOIA request, (b) the NSA's full withholding of the two documents identified in the first part of the NSA's October 26, 2009 letter, and (c) the NSA's full response to the document identified in the last sentence of the NSA's October 26, 2009 letter.

17. The NSA acknowledged receipt of EPIC's FOIA appeal on December 18, 2009.

18. No further communication was received from the NSA regarding EPIC's FOIA request.

19. On February 4, 2010, EPIC filed the immediate action in the United States District Court for the District of Columbia.

20. EPIC's complaint alleged that (a) the NSA failed to comply with the FOIA's statutory deadlines and failed to disclose responsive agency records, (b) the National Security

Council failed to disclose responsive agency records, and (c) that the NSA violated the Administrative Procedure Act by referring part of EPIC's FOIA request to an entity that was not subject to the FOIA.

21. On March 25, 2010, the NSA moved to dismiss EPIC's complaint in relation to the claim against the National Security Council and the Administrative Procedure Act claim.

22. EPIC opposed the NSA's motion to dismiss on April 8, 2010.

    The Court granted the NSA's motion on July 7, 2011. The Court further ruled that the NSA's referral of the FOIA request to the National Security Council did not relieve the NSA of its continuing obligation to respond to the request.