## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>       Plaintiff,<br><br>       v.<br><br>NATIONAL SECURITY AGENCY<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:10-cv-00196-BAH<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S STATUS REPORT

Plaintiff the Electronic Privacy Information Center ("EPIC") submits to the Court this report on the status of this Freedom of Information Act ("FOIA") lawsuit. This suit concerns a FOIA request submitted by Plaintiff to defendant National Security Agency ("NSA") on June 25, 2009 ("EPIC's FOIA Request"). The sole issues remaining to be resolved are:

(1) The NSA's full withholding of National Security Presidential Directive ("NSPD") 54;

(2) The NSA's partial withholding of Information Assurance Directorate ("IAD") Management Directive 20 and NSA/Central Security Service ("CSS") Policy 1-58;[1] and

(3) The NSA's processing of category 2 of EPIC's FOIA Request.

The final dispositive motion was filed one year ago, on December 22, 2011. Since that date, the need for the public release of the records sought in this matter has grown; the

---

[1] The NSA initially withheld these records in full. Prior to the submission of NSA's Motion for Summary Judgment the records were released in redacted form.

debate over cyber security is now a top concern for Congress and the public.

Accordingly, EPIC respectfully urges the Court to render a decision in this matter and

grant EPIC's Opposition to DHS' Motion for Summary Judgment and Cross-Motion for

Summary Judgment.

## BACKGROUND

In January 2008 President George W. Bush issued NSPD 54, which grants the

NSA broad authority over the security of American computer networks. The Directive

sets out the Comprehensive National Cybersecurity Initiative ("CNCI"), a "multi-agency,

multi-year plan that lays out twelve steps to securing the federal government's cyber

networks." NSPD 54 was not released to the public. [In March 2009, news organizations

reported that the head of the Department of Homeland Security ("DHS") National

Cybersecurity Center, Rod Beckstrom, had resigned. In his resignation letter, Beckstrom

pointed to the NSA's influence over federal cybersecurity operations and the threat to the

democratic process posed by that influence. Shortly thereafter, EPIC filed a FOIA request

seeking the public release of NSPD 54 and certain related records.]

The NSA failed to disclose records in response to EPIC's FOIA Request, and on

February 2, 2010 Plaintiff filed this lawsuit to compel disclosure. Following procedural

motions, this Court entered a scheduling order on July 21, 2011. The parties then filed

their dispositive motions in accordance with the Court's schedule. Among other things,

EPIC argued (1) that the President was required, in FOIA cases, to personally assert the

presidential communications privilege, and (2) that the Agency was had failed to prove

that the documents withheld under FOIA exemption (b)(1) were, in fact, properly

classified in accordance with the substantive and procedural terms of the FOIA and

Executive Order 13526. In addition, EPIC alleged that the NSA had impermissibly

narrowed the scope of the second category of EPIC's FOIA Request.

On December 22, 2011, EPIC filed the Reply in Support of Plaintiff's Cross-

Motion for Summary Judgment. This case has remained pending since that date.

## **DISCUSSION**

Plaintiff respectfully urges the Court to render a decision in this case. The debate

over the scope of the NSA's authority remains at the forefront of cybersecurity

discussions, and the disclosure of key documents to which the public is legally entitled is

vital to an informed discourse on this subject. Many events have taken place during the

pendency of the Court's final decision that have contributed to the need for the public

release of NSPD 54. For example, on November 14, 2012 the Washington Post reported

that a new presidential directive granted additional cybersecurity authority to the NSA.

According to the Washington Post, Presidential Policy Directive ("PPD") 20 "enables the

military to act more aggressively to thwart cyberattacks on the nation's web of

government and private computer networks." Ellen Nakashima, *Obama signs secret*

*cybersecurity directive, allowing more aggressive military role*, Washington Post (Nov.

14, 2012).[2] The Washington Post reported that previous drafts of a presidential directive

aimed at expanding the military's cybersecurity authority had been dismissed as posing

"unacceptable risks" of "harmful unintended consequence[s]." *Id*. Based on the authority

found in PPD 20, the Pentagon is "expected to finalize new rules of engagement that

would guide commanders when and how the military can go outside government

---

[2] *Available at* http://www.washingtonpost.com/world/national-security/obama-signs-secret-cybersecurity-directive-allowing-more-aggressive-military-role/2012/11/14/7bf51512-2cde-11e2-9ac2-1c61452669c3_story.html

networks to prevent a cyberattack that could cause significant destruction or causalities."
*Id*.

EPIC has sent a Freedom of Information Act ("FOIA") request to the National

Security Agency ("NSA"), requesting specifically the public release of PPD 20. Letter

from Amie Stepanovich, EPIC and Ginger McCall, EPIC, to the NSA (Nov. 14, 2012),

attached as Exhibit A. In response, the NSA withheld PPD 20 in its entirety relying on

the same arguments that NSA has asserted in the instant Case to justify the withholding

of NSPD 54 and its related records. Specifically, the NSA claims that PPD 20 may be

withheld pursuant to the presidential communications privilege and, additionally, that

"certain information within PPD-20 is currently and properly classified." Letter from

Joseph J. Brand, Acting Deputy Chief of Staff, NSA to Amie Stepanovich, Esq., EPIC

(Dec. 12, 2012), attached as Exhibit D.

The judicial system has an interest in preventing unnecessary litigation. *See, e.g.,*

*Theodore v. District of Columbia*, 772 F. Supp. 2d 287, 292-93 (D.D.C. 2011), citing

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) ("Claim preclusion seeks to

'[protect] litigants from the burden of re-litigating an identical issue with the same party

or his privy and [promote] judicial economy by preventing needless litigation.'"). This

Court has recognized the importance of promoting judicial economy and preventing

potentially inconsistent rulings. *Judicial Watch, Inc. v. U.S. Dept. of Energy*, 207 F.R.D.

8, 9 (D.D.C. 2002); *Nat'l Ass'n of Mortg. Brokers v. Board of Governors of Federal

Reserve System*, 770 F.Supp.2d 283, 286 (D.D.C. 2011). If EPIC or another FOIA

requester were to file a new lawsuit seeking the release of a record over which the NSA

has invoked the presidential communications privilege, such as PPD 20, it would likely

contravene these recognized interests, draining important court resources and potentially

creating contradictory case law.

## **CONCLUSION**

For these reasons, the Court should render a decision in this case, grant EPIC's

Cross-Motion for Summary Judgment, and order the immediate release of NSPD 54 and

related responsive records that NSA has not sufficiently proven are exempt from

disclosure under the Freedom of Information Act.

> Respectfully submitted,
>      */s/ Marc Rotenberg*
> MARC ROTENBERG
> GINGER McCALL
> AMIE STEPANOVICH[*]
> Electronic Privacy Information
> Center
> 1718 Connecticut Ave., NW
> Suite 200
> Washington, D.C. 20009
> (202) 483-1140
> *Counsel for Plaintiff*

---

[*] Amie Stepanovich is barred in New York State. Her application for admission in the District of Columbia remains pending.