UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER | ) ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil No. 1:10-cv-00196 (BAH) |
| UNITED STATES NATIONAL SECURITY AGENCY | ) ) ) ) |  |
| Defendant. | ) ) ) |  |

DEFENDANT'S SURREPLY
ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

In its Reply brief in support of its motion for attorneys' fees and costs, Plaintiff Electronic Privacy Information Center ("EPIC") accuses Defendant National Security Agency ("NSA") of violating Federal Rule of Evidence 408. *See* Reply in Supp. of Pl.'s Mot. for Attorneys' Fees and Costs ("Pl.'s Fee Reply") (ECF No. 46) at 21-22. EPIC is incorrect: NSA did not violate the Rule, and a recent case of this Court demonstrates as much.

Rule 408 provides that certain evidence is inadmissible "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). It does not codify a "federal settlement privilege," *e.g.*, *Elec. Privacy Info. Ctr. v. U.S. DHS* ("*EPIC*"), 999 F. Supp. 2d 61, 78 (D.D.C. 2013) (quotation marks and citation omitted); *see, e.g.*, *In re Subpoena Issued to CFTC*, 370 F. Supp. 2d 201, 209-10 & nn.11-13 (D.D.C. 2005), *aff'd in part on other grounds*, 439 F.3d 740 (D.C. Cir. 2006); *contra Judicial Watch. Inc. v. U.S. DOJ*, --- F.Supp.2d ---, 2014 WL 4178291, at *3-4 (D.D.C. Aug. 22, 2014) (describing broad prohibitions of Local Rule 84.9 concerning statements made in connection with formal mediation), and it does not prohibit submission of draft billing records in a fee dispute. Indeed, this Court recently considered draft billing records

while ruling on a FOIA fee dispute.  *See EPIC*, 999 F. Supp. 2d at 72-73.  The Court, which considered whether *other* evidence in the case violated Rule 408, *see id.* at 77-78, said nothing about the draft billing records violating Rule 408, *see id.* at 72-73.  EPIC, which was the fee petitioner in that case, did not object to their submission, either.

In fact, in that case, EPIC filed on the docket substantial correspondence between the parties, including emails and letters from the Government detailing, among other things, the dollar amounts of Government settlement offers.  *See* Pl.'s Reply in Supp. of Mot. for Attorneys' Fees and Costs and exhibit thereto (May 6, 2013) (ECF Nos. 27 & 27-2), *Elec. Privacy Info. Ctr. v. U.S. DHS*, No. 1:11-02261 (JDB) (D.D.C.).  EPIC argued that submission of that evidence was appropriate, stating in particular that "Rule 408 does not prohibit use of the settlement history to establish the reasonableness of fees on fees."  Pl.'s Mem. of P. & A. in Opp'n of Def.'s Mot. to Strike Portions of the Pl.'s Reply and Exhibit (May 9, 2013) (ECF No. 29) at 3 (capitalization omitted), *Elec. Privacy Info. Ctr. v. U.S. DHS*, No. 1:11-02261 (JDB) (D.D.C.).  The position EPIC took in that case would seem to foreclose its argument here.  And the Court in *EPIC* declined to strike the challenged evidence, explaining that there was no particularly compelling reason to remove the information from the docket.  *See* 999 F. Supp. 2d at 78 (explaining that movant's "interest in removing these paragraphs from the public docket is less compelling than, say, improper disclosure of information protected by the attorney-client privilege").  There is likewise no good reason to strike the challenged evidence here.

In any event, neither the draft billing records, nor the correspondence to which they were attached, were identified by EPIC as confidential or subject to Rule 408.  EPIC never said anything to NSA about the records being sensitive.  EPIC actually introduced the issue of draft bills into this case, emphasizing to NSA that their September 2014 submission to NSA should be

noted in an October 2014 status report. *Cf.* Joint Status Report (ECF No. 43) ¶ 2 ("On September 11, 2014, Plaintiff submitted what it considers to be a detailed bill of fees and costs to the Defendant."). It would "potentially raise[] some fairness concerns" if EPIC were allowed to tell the Court that it had provided to NSA draft billing records (and describe them as "detailed" at that), but NSA were not allowed to discuss them. *EPIC*, 999 F. Supp. 2d at 78 (citation omitted).

In sum, NSA's submission of EPIC's draft billing records did not violate Rule 408, and for the reasons identified in NSA's opposition brief, the Court should deny EPIC's motion for costs and fees.

Dated: December __, 2014    Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

_____
GREGORY DWORKOWITZ
Trial Attorney
N.Y. Bar Registration No. 4796041
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Rm. 7107
Washington, DC  20530
Tel.: (202) 305-8576
Fax: (202) 616-8470
Email: gregory.p.dworkowitz@usdoj.gov

Counsel for Defendant