IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY <br> INFORMATION CENTER   ) <br> ) <br> Plaintiff,   ) <br> v.   ) <br> ) <br> NATIONAL SECURITY AGENCY   ) <br> ) <br> Defendant.   ) <br> ) | No. 1:10-cv-00196 (BAH) |

**<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-SURREPLY</u>**

Plaintiff Electronic Privacy Information Center ("EPIC") respectfully moves this Court for leave to file a short sur-surreply in response to Defendant National Security Agency's ("NSA") surreply, in order to address the agency's discussion of a prior case "presented to the court for the first time in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003). Specifically, the NSA has argued that a recent case, *EPIC v. DHS*, 999 F. Supp. 2d 61 (D.D.C. 2013), stands for the proposition that a court should allow the submission of draft fee statements to disprove the "validity or amount" of a disputed fee claim. *See* Def's Mot. Surreply, Ex. A ("Surreply") (ECF No. 47-1). The NSA is incorrect as to both the facts of that dispute and the holding of that court, and EPIC should be permitted an opportunity to briefly respond. The Court should also grant EPIC leave to file a sur-surreply because the NSA addressed the Federal Rule of Evidence 408 issue in the manner of an opposition, presenting new arguments based on a case that was not previously described to this Court.

The introduction of evidence of settlement communications for the purpose of disproving EPIC's fee claim is a serious matter on which this Court should be fully

briefed. *See United States v. Davis*, 596 F.3d 852, 861 (D.C. Cir. 2010) (finding that a district court abused its discretion when it allowed the government to introduce evidence in violation of Rule 408).

EPIC's proposed sur-surreply, which is attached to this motion as Exhibit 1, is focused entirely on the issues raised by the NSA for the first time in the Surreply. As the agency's reply raises a new argument, it would be appropriate for this Court to grant leave for a surreply. *See PCH Mut. Ins. Co., Inc. v. Casualty & Sur., Inc.*, 569 F. Supp. 2d 67, 70-71 (D.D.C. 2008).

EPIC has conferred with the NSA regarding its proposed motion, as required by Local Rule 7(m) and the agency has indicated that "the NSA opposes the relief sought in this motion."

December 18, 2014                              Respectfully submitted,

                                               MARC ROTENBERG
                                               EPIC Executive Director

                                               GINGER MCCALL
                                               Director, EPIC Open Government Project

                                               __/s/ Alan Butler_____
                                               ALAN JAY BUTLER
                                               Senior Counsel
                                               Electronic Privacy Information Center
                                               1718 Connecticut Ave. NW
                                               Suite 200
                                               Washington, DC 20009
                                               (202) 483-1140
                                               *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2014, I caused a true and correct copy of the foregoing Plaintiff's Motion for Leave to File a Sur-Surreply to be served on defendant's counsel via the Court's ECF system.

Dated:      December 18, 2014                                          /s/ Alan Jay Butler

                                                                                            ALAN JAY BUTLER