**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

ELECTRONIC PRIVACY                    )
INFORMATION CENTER                    )
                                      )
    Plaintiff,                       )
    v.                               )    No. 1:10-cv-00196 (BAH)
                                      )
NATIONAL SECURITY AGENCY              )
                                      )
    Defendant.                       )
_____)

**PLAINTIFF'S SUR-SURREPLY IN RESPONSE TO DEFENDANT'S SURREPLY**
**ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

      The Defendant National Security Agency ("NSA") has filed a Surreply in this

case focused almost entirely on its characterization of *EPIC v. DHS*, 999 F. Supp. 2d 61

(D.D.C. 2013), a case in which a Rule 408 issue also arose. That case is not relevant to

the matter before the Court, and the NSA's discussion of that case is based on a

fundamental misstatement of the issues before that court and a mischaracterization of the

court's holding.

      The court in *EPIC v. DHS* granted EPIC's Motion for Attorneys' Fees and Costs,

awarding a total of $29,841.67. *DHS*, 999 F. Supp. 2d at 79. The court also addressed a

Motion to Strike, which was filed by DHS subsequent to the fee motion and prior to the

court's ruling. *See id*. at 77. The DHS argued that the discussion of the agency's

settlement offers in EPIC's reply brief, provided to rebut the agency's characterization of

the negotiations, violated Federal Rule of Evidence 408. *See* Defendant's Memorandum

in Support of Its Motion to Strike, *EPIC v. DHS*, 999 F. Supp. 2d 61 (D.D.C. 2013) (No.

11-2261) (ECF No. 28-1) [hereinafter "DHS Motion to Strike"]. The court exercised its

discretion to reject the DHS' motion to strike for three reasons: (1) because it "need not –

and did not – rely on the settlement figures" in resolving the motion, (2) the lack of a recognized "federal settlement privilege" made the "DHS's interest in removing these paragraphs from the public docket less compelling than" disclosure of attorney-client material, and (3) "it was *DHS* that made the first substantive argument based on the parties' failed settlement negotiations in their own opposition brief." *DHS*, 999 F. Supp. 2d at 77 (emphasis in original). The court in *EPIC v. DHS* also found that allowing the DHS to make statements about the agency's settlement offers without allowing EPIC to respond would "raise fairness concerns" and implicate the "prohibition against selective disclosure." *Id*. (citing *Koch v. Cox*, 489 F.3d 384, 390 (D.C. Cir. 2007)).

This is the fundamental difference between the Rule 408 issue before this Court and the Rule 408 issue before the court in *EPIC v. DHS*: EPIC has not made any reference in this case to its draft bills in the motion for attorneys' fees, nor has EPIC relied on those draft bills in any way to support its substantive arguments. Unlike in *EPIC v. DHS* where EPIC introduced communications to *rebut* the representations made in the first instance by the DHS regarding the settlement in its opposition, the NSA in this case has introduced confidential settlement documents for the purpose of disputing the validity of EPIC's fee claim, which made no reference to communications between the parties.

Furthermore, the NSA's reference to EPIC's opposition to the DHS' motion to strike is off point. The issue raised by DHS' motion to strike was whether the Rule 68 offer and other settlement offers had, in fact, been introduced to "prove or disprove the validity or amount of a disputed claim" under Rule 408. *See* DHS Motion to Strike at 2; Plaintiff's Memorandum of Points and Authorities in Opposition of Defendant's Motion to Strike Portions of the Plaintiff's Reply and Exhibit, *EPIC v. DHS*, 999 F. Supp. 2d 61

(D.D.C. 2013) (No. 11-2261) (ECF No. 29). But, as the court found, those settlement offers were first discussed by DHS in its argument that the court should not exercise its discretion to grant fees on fees. *See* Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs, *EPIC v. DHS*, 999 F. Supp. 2d 61 (D.D.C. 2013) (No. 11-2261) (ECF No. 26) at 18-19. The court held that EPIC's response to DHS' argument did not violate Rule 408, and this was underscored by the court's determination that the amount of the settlement offers was not relevant to the fees on fees determination. *DHS*, 999 F. Supp. 2d at 77.

Unlike the circumstances EPIC faced in *EPIC v. DHS*, there is no "fairness" issue here that would weigh in favor of allowing the agency to submit draft bills as an exhibit in support of its fee opposition. EPIC has not relied on these draft bills in its motion for attorneys' fees, nor has it indicated that the Court should consider their contents or existence. Therefore, the Rule 408 issue in this case is entirely different than the one before the court in *EPIC v. DHS*. Moreover, to the extent that there is a "fairness concern" in this case, it cuts against the NSA because it was the agency that introduced the settlement records in the first instance. EPIC chose not to introduce evidence from prior settlement negotiations, including those leading up to the January 2014 Rule 68 Offer, fully aware of the Rule 408 structure. The agency should therefore not be allowed to selectively disclose settlement materials in this case, and there is no support in *EPIC v. DHS* for a contrary outcome.

Respectfully submitted,

MARC ROTENBERG
EPIC Executive Director

GINGER MCCALL
Director, EPIC Open Government Project

/s/ Alan Jay Butler
ALAN JAY BUTLER
Senior Counsel
Electronic Privacy Information Center
1718 Connecticut Ave. NW
Suite 200
Washington, DC 20009
(202) 483-1140
*Counsel for Plaintiff*